## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| EMMA BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 0:20-cv-02603-MGL |
| | ) | |
| EVEREST RECEIVABLE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, EMMA BROWDER ("Plaintiff"), by and through her attorney, Chauntel D. Bland, Esquire, alleges the following against Defendant, EVEREST RECEIVABLE SERVICES, INC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this District.

**PARTIES**

5.  Plaintiff is a natural person residing in the Town of Clover, York County, State of South Carolina.

6.  Plaintiff is a person as that term is used by 15 U.S.C. § 1692.

7.  Defendant is attempting to collect a debt as that term is defined by 15 U.S.C. § 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9.  Within the last year, Defendant communicated with Plaintiff in an attempt to collect a consumer debt.

10. Defendant is a Delaware limited liability company and national debt collection agency based in the Town of Cheektowaga, Erie County, State of New York.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. The alleged debt owed arises from transactions for personal, family, and household purposes.

17. Plaintiff does not owe the alleged debt.

18. Defendant is apparently attempting to collect a debt from Plaintiff's boyfriend, Christopher Anderson.

19. In or around April 2020, Defendant began placing collection calls to Plaintiff's cellular telephone at 813-714-3634 in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from several telephone numbers, including 813-734-8133, which is one of Defendant's telephone numbers.

21. Defendant also leaves voicemail messages for Plaintiff.

22. Once such voicemail has been transcribed as follows:

> My name is [Jaylon 00:00:03] White, and the purpose of the call is to verify your correct location information for Christopher Anderson, which is to ensure proper delivery of required documentation. If the information for Christopher can be verified or it needs to be corrected, return a call to (888) 397-2894. If not, return a call, and we'll make sure we update our records appropriately, but either way, give me a callback. The number again, (888) 397-2894. Have a good day.

23. 888-397-2894 is one of Defendant's telephone numbers.

24. Defendant was not communicating with Plaintiff for the purpose of acquisition of location information.

25. Defendant already had location information for Christopher Anderson prior to calling and communicating with Plaintiff.

26. Defendant's voicemail message was an impermissible veiled ruse to get Plaintiff to contact Defendant.

27. Defendant's voicemail message was an impermissible veiled ruse to get Plaintiff to get Christopher Anderson to contact Defendant.

28. The voicemail messages contains false, misleading or deceptive representations, including "to ensure proper delivery of required documentation."

29. Defendant was communicating with Plaintiff in an attempt to collect a debt.

30. Defendant communicated with Plaintiff more than once.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

31. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a. Defendant violated § 1692b by abusing the purpose and scope of § 1692b to engage in impermissible debt collection tactics as described above;

b. Defendant violated § 1692b(3) by communicating with Plaintiff more than once;

c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant's collectors failed to disclose that they were calling from Everest Receivable Services, Inc. when they left voicemail messages for Plaintiff;

d. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors failed to disclose that they were calling from Everest Receivable Services, Inc. when they left voicemail messages for Plaintiff—and without the exceptions of § 1692b being available to it;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt

when Defendant when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

f.   Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant made such representations as detailed above;

g.   Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

h.   Defendant further violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant made such representations as detailed above; and

i.   Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff.

WHEREFORE, Plaintiff, EMMA BROWDER, respectfully requests that judgment be entered against Defendant for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

34. Any other relief that this Honorable Court deems appropriate.

DATED:  July 13, 2020

Respectfully submitted,

By:  /s/ Chauntel D. Bland
        Chauntel D. Bland, Esquire
        463 Regency Park Drive
        Columbia, SC 29210
        Tel: (803) 319-6262
        Fax: (803) 322-6815
        chauntel.bland@yahoo.com
        Attorney for Plaintiff